(74 Misc. Rep. 271.)

### THOMPSON v. CITY OF NEW YORK.

(Supreme Court, Trial Term, Ulster County. November, 1911.)

WATERS AND WATER COURSES (§ 195*)—PUBLIC WATER SUPPLY—DISTRIBUTION OF BUSINESS—DAMAGES.

In order to maintain an action under Laws 1905, c. 724, § 42, as amended by Laws 1906, c. 314, § 9, relating to the water supply of the city of New York, authorizing an action for damages caused by injury or destruction of a manufacturing establishment, or an established business,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the act of the city in establishing such water supply, an actual damage must be alleged and proved.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 282; Dec. Dig. § 195.*]

Action by Samuel Thompson against the City of New York for damages to a manufacturing business. Judgment for defendant.

Brown L. Slosson (Harrison J. Slosson, of counsel), for plaintiff.

Archibald R. Watson, Corp. Counsel (Wm. McM. Speer, of counsel), for defendant.

HOWARD, J. Without pleading, or proving, or attempting to prove, that he has been damaged at all, the plaintiff contends that he is entitled to recover from the city of New York $196.25. Having established by proof all the other conditions required by the statute, it is asserted that the plaintiff is not compelled to prove that he has been actually damaged, but is entitled to judgment for an amount equal to the salary paid him for six months before the 1st day of January, 1906.

The language under which this position is assumed is a part of section 42 of chapter 724 of the Laws of 1905, as amended by Laws 1906, c. 314, § 9. It reads as follows:

"A person employed in a manufacturing establishment, or in an established business, or upon any lands and is not an owner or part owner thereof or of an interest therein, in the counties of Ulster, Albany and Greene, which manufacturing establishment, or established business is injured or destroyed, or which lands are taken or acquired under or because of the provisions of this act, who has been so employed continuously for six months prior to the first day of January, nineteen hundred and six, and who continues in such employment up to the time of such injury, destruction, taking or acquisition shall have a claim for damages against the city of New York equal to the salary paid such employé for the six months immediately preceding the first day of January, nineteen hundred and six. Such damages may be determined by agreement with the board of water supply of the city of New York. In case such agreement cannot be made such employé may maintain an action against the city of New York in the Supreme Court to recover such damages, not however to exceed the sum of the wages paid him for the six months immediately prior to the first day of January, nineteen hundred and six."

Like much of the rest of the chapter, there is enough looseness and ambiguity about its language to produce a lawsuit and require judicial interpretation. No canon of construction assists much here; no reported case acts as a guide; therefore we can only reason about it to discover the legislative intent. Many provisions are made in this law for recompensing those who have suffered "damage" by the act of the city in invading this territory. It was the intent of the statute to compel the city of New York to completely repay to all persons damaged the full extent of the damage. The constitutional maxim, "Nor shall private property be taken for public use without just compensation," is the thought which pervades this law; but nowhere is there any apparent purpose to pay people whose private property has not been taken or who have not been damaged. Under the Constitution, if a person has lost nothing, he can be paid nothing. He must be damaged, or he can have no "claim for damages." Any other rea-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

soning would be as repugnant to common sense, as it would be to justice. It cannot be possible that the Legislature intended to force the city of New York to make these men a present of a certain sum of money. There would be no reason for presenting them with a gratuity; no logic in it; no justice in it. It may have developed in some instance (probably it has not, but it may be assumed, to illustrate) that an employé may have profited by the shutting down of a mill; can it be possible that the city of New York can be compelled to pay such a person money? Must all other persons be forced to prove that they have been damaged, and these persons be exempted from it? Does the word "damages" mean something in all the rest of the statute, and nothing here? Something in the first part of this very section, and nothing in the last part?

It is the plaintiff's contention that the Legislature has liquidated the damages, and has stated that the damages in each case shall be equal to the salary paid such employé for six months before the 1st day of January, 1906. But the statute says that employé may maintain an action against the city to recover such damages, "not, however, to exceed [they might not equal] the sum of the wages paid him for six months." If the Legislature had intended to liquidate the damages, even where there were no damages to liquidate, the statute, instead of reading "such damages, not however to exceed," would have read "such damages *to be* the sum of the wages paid him for six months," etc. The statute provides: "Such damages may be determined by agreement." But what is there to agree about, if the damages have been liquidated? It becomes a mere matter of computation, a mere matter of looking at the books. There is no need for agreement— no room for difference of opinion. The amount to be paid to the claimant is fixed—definitely and certainly. The man who is damaged irreparably fares no more sumptuously than he who is damaged not at all.

These thoughts and observations lead to the inevitable conclusion that actual damages must be pleaded and proved before any of these men can recover. The plaintiff in this action has done neither; therefore the complaint should be dismissed, and judgment rendered for the defendant. This, of course, is subject to the stipulations made at the trial.

Judgment accordingly.